AO 106 (Rev. 04/010) Application for Search Warrant        AUTHORIZED AND APPROVED/DATE:        Arvo Mikkanen  05/19/2022

# UNITED STATES DISTRICT COURT
for the
WESTERN        DISTRICT OF        OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH THE<br>CELLULAR TELEPHONE ASSIGNED<br>CALL NUMBER (562) 826-0900<br>THAT IS STORED AT PREMISES<br>CONTROLLED BY VERIZON WIRELESS | Case No: M-22-389-STE |

## APPLICATION FOR SEARCH WARRANT

I, Darrell Clark, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference

The basis for the search under Fed. R. Crim.P.41(c) is*(check one or more)*:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:
*Code Section*        *Offense Description*
Title 18 U.S.C. § 2250(a)        Failure to Register as a Sex Offender

The application is based on these facts:

See attached Affidavit of Deputy U.S. Marshal Darrell Clark, USMS, which is incorporated by reference herein.

☒ Continued on the attached sheet(s).
☐ Delayed notice of [No. of Days]   days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Applicant's signature*
Darrell Clark
Deputy U.S. Marshal
United States Marshals Service

Sworn to before me and signed in my presence.

Date: __**May 20, 2022**_____

City and State: _____OKC_____, Oklahoma

_____*Shon T. Erwin*_____
*Judge's signature*

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(562) 826-0900** **("SUBJECT NUMBER")** | Case No. **M-** 22-389 **-STE** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Darrell Clark, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain cellular telephones assigned the call number **(562) 826-0900** (the "**SUBJECT NUMBER**") that is stored at premises controlled by Verizon Wireless ("VERIZON"), a wireless telephone service provider headquartered at Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921. The information to be searched is described in the following paragraphs and in **Attachment A**. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require VERIZON to disclose to the government copies of the information further described in Section I of **Attachment B**. Upon receipt of the information described in Section I of **Attachment B**,

government-authorized persons will review the information to locate items described in Section II of **Attachment B**.

2. I am a Deputy United States Marshal with the U.S. Marshal's Service and have been since 2007. During the past 2 years of employment as a Deputy U.S. Marshal, I have conducted a wide variety of investigations, including many investigations regarding failure to register as a sex offender, as the District Sex Offender Coordinator. I am aware that telephone location information is an important part of investigations regarding failure to register as a sex offender. Telephone location information helps law enforcement determine where a particular cell phone was geographically located at a particular time. This information can corroborate other aspects of the investigation, such as a person's location or residence at a particular time and date.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from records, other law enforcement agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant to search the information described in **Attachment A** for evidence of this crime as further described in **Attachment B** and does not set forth all my knowledge about this matter.

2

**PROBABLE CAUSE**

4.     The U.S. Marshal's Service for the Western District of Oklahoma has been investigating BOBBY FITZGERALD PRINCE for violations of 18 U.S.C. § 2250, failure to register as a sex offender. PRINCE was previously federally convicted for violations of 18 U.S.C. § 2423(a), transportation of a minor with intent to engage in prostitution, in the Western District of Oklahoma, which is a sexual abuse offense.

5.     PRINCE was convicted and sentenced to a term of imprisonment in the Western District of Oklahoma for 18 U.S.C. 2423(a) in 2005 in case number CR-04-189-002-L.  Your affiant searched the Federal Bureau of Prisons (BOP) inmate locator to determine the release date for PRINCE. PRINCE was released on 11/19/2009 from the BOP. As a sex offender, PRINCE is required to register for 25 years from the date of his release since his offense is a Tier II offense. Under the Sex Offender Registration and Notification Act (SORNA), PRINCE will have to register until 2034. PRINCE is required to register in Oklahoma until 2044 according to the Oklahoma Department of Corrections (DOC) website.

6.     I received a tip that PRINCE has been residing at 2818 N.E. 24th Street in Oklahoma City, Oklahoma. A check of the history of Oklahoma County assessor's web page shows the property of 2818 N.E. 24th Street,

Oklahoma City having belonged to PRINCE and Tiffany Bryant. The property was transferred to PRINCE on 7/15/2021. There are no entries on his sex offender registration for the period of October 1, 2021 to March 27, 2022 that show the address of 2818 N.E. 24th Street, Oklahoma City, Oklahoma as his residence.

7. Your affiant searched the subject address on internet-based mapping programs and found the address is directly next to a day care facility and near 2 churches. I searched social media platforms and found a page belonging to PRINCE which displayed photos of himself and his son. Videos uploaded to the page captured PRINCE'S son playing in the yard and in a location which appears to be 2818 N.E. 24th Street. Open-source records checks also show PRINCE as being associated with that property.

8. I checked with the DOC and the Oklahoma City Police Department and found that PRINCE was last registered at 6220 Harris St. in Spencer, Oklahoma on or about November 15, 2021. PRINCE has never registered that he is living at 2818 N.E. 24th., Oklahoma City, Oklahoma. On October 1, 2021, your affiant conducted physical surveillance of 2818 N.E. 24th Street in Oklahoma City, Oklahoma. I observed a silver car with Oklahoma plate KRZ386 at the subject location. The license plate affixed to the vehicle license plate returns to an individual named Tiffany Bryant who

has been listed on the residence's deed along with PRINCE. A short time later, I witnessed a black Hummer H2 SUV type vehicle arrive with a female and male passenger. Your affiant further witnessed PRINCE, as the male passenger, go in and out of the residence. Furthermore, I took photos of the black Hummer H2 at the residence.

9. On 10/04/2021, I witnessed the black Hummer H2 parked at the residence of 2818 N.E. 24th Street and I took photos of the vehicle. The license plate for the black Hummer H2 is Oklahoma plate KZQ247, which returns to Tiffany Bryant. The Hummer H2 is the vehicle PRINCE listed as his vehicle with his sex offender registration.

10. In March of 2022, PRINCE was documented coming and going from the residence at 2818 N.E. 24th on a daily basis and he only left for what appeared to be work or pleasure. The dates he is photographed entering or leaving the house are as follows: March 1-25 & 27, 2022. This documentation and evidence shows that PRINCE is residing at 2818 N.E. 24th, Oklahoma City, Oklahoma and not at 6220 Harris Street in Spencer, Oklahoma. PRINCE was documented changing clothes, feeding the dogs, taking out trash, and other daily activities a person does at their residence.

11. On April 20, 2022, PRINCE, the Defendant, was charged in case No. CR-22-157-JD with an Indictment returned by the federal grand jury for

failure to register as a sex offender, in violation 18 U.S.C. §2250 (a). Based on my training and experience, I submit there is probable cause to believe that PRINCE used a cell phone registered to the same phone number as the **SUBJECT NUMBER** between October 1, 2021 and March 27, 2022. There is also probable cause to believe that PRINCE had a cell phone(s) in his possession during this time frame because of photographs and a video is posted to his Facebook social media page, all of which appear to be made utilizing a cellular phone camera. There are also videos and photos of the Hummer H2 vehicle that he drives posted to his Facebook page. Accordingly, with videos and photos uploaded from a cellular phone, the Defendant was utilizing his cell phone and accessing the VERIZON cellular phone network consisting of numerous cellular phone towers in the Oklahoma City and surrounding area.

12. At his detention hearing held on May 2, 2022 it was suggested by him, through counsel, that he was not "residing" at the house at 2818 N.E. 24th Street, Oklahoma City, during the time frame at issue in the Indictment and was residing elsewhere, perhaps at 6220 Harris Street in Spencer, Oklahoma. Obtaining cell site information for the **SUBJECT NUMBER** will assist law enforcement in confirming PRINCE**'s** physical location between the dates of October 1 and March 25, 2021.  This information is necessary to

corroborate the observations of your affiant and the video footage captured on the pole cam installed by the U.S. Marshals outside of the residence at 2818 N.E. 24th Street, Oklahoma City, Oklahoma, which show the defendant and his vehicle, the Hummer H2, at the location consistently and repeatedly for the period from March 1-25, and March 27, 2022.

13.    In my training and experience, I have learned that VERIZON is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise

7

than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

14. Based on my training and experience, I know that VERIZON can collect cell-site data about the **SUBJECT NUMBER**. I also know that wireless providers such as VERIZON typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

15. Based on my training and experience, I know that wireless providers such as VERIZON typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as VERIZON typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify

8

the **SUBJECT NUMBER's** user or users and may assist in the identification of locations where the Defendant has been located.

### AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue a search warrant, pursuant to 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41.

17. I further request that the Court direct VERIZON to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control. Because the warrant will be served on VERIZON, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

_____
Darrell Clark
Deputy U.S. Marshal
U.S. Marshal's Service

Subscribed and sworn to before me on May 20, 2022.

_____
SHON T. ERWIN
United States Magistrate Judge
Western District of Oklahoma

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(562) 826-0900** ("the Account"), that are stored at premises controlled by **Verizon Wireless (VERIZON)** ("the Provider"), headquartered at Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ  07921.

## ATTACHMENT B

### Items to be Seized

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Accounts listed in Attachment A for the time period **October 1, 2021, through March 27, 2022**:

   a. The following information about the customers or subscribers of the Accounts:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Accounts, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell towers and sectors through which the communications were sent and received.

**II.  Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of various violations of 18 U.S.C. § 2250 involving **Bobby Fitzgerald Prince, Jr.** during the period **October 1, 2021, through March 27, 2022**.

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Verizon Wireless ("VERIZON")**, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **VERIZON**. The attached records consist of _____.

*[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]*.

I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **VERIZON**, and they were made by **VERIZON** as a regular practice; and

    b.    such records were generated by **VERIZON's** electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **VERIZON** in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by **VERIZON**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                              Signature